842 F.2d 1292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eamon Patrick SHANNON, Plaintiff-Appellant,
v.
MONTGOMERY COUNTY PUBLIC SCHOOLS; Dr. Edward Andrews, in
his official capacity as Superintendent of Schools for
Montgomery County Public Schools; Board of Education of
Montgomery County, Defendants-Appellees.
 No. 87-3536.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 5, 1987.
Decided March 24, 1988.
 
 Peter Michael Shannon, Jr. (Jill E. Evans; Keck, Mahin & Cate, on brief), for appellant.
 Richard Edward Ekstrand (Charles A. Reese, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Eamon Patrick Shannon appeals the district court's order dismissing as moot his suit against Montgomery County Public Schools, alleging violations of the Education For All Handicapped Children's Act ("EAHCA"), 20 U.S.C. Sec. 1400 et seq., and violations of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. Sec. 794.[1] We affirm.
 
 I.
 
 2
 Eamon was born on October 4, 1976, and, at the age of four months, was diagnosed as a Down's Syndrome child. After being identified as educationally handicapped and in need of special educational services, Eamon began attending the Montgomery County Pre-School Achievement Center ("MPAC") in September, 1978. For the 1981-82 school year, the Montgomery County Public Schools system ("MCPS") recommended as Eamon's Individualized Education Program ("IEP") that he be transferred from MPAC to a Level V program at the Carl Sandburg Learning Center ("CSLC"), one of three learning centers serving the needs of handicapped children in Montgomery County. At CSLC the school day begins at 9:45 a.m. and ends at 3:45 p.m., while the regular public school hours extend from 9:00 a.m. to 3:00 p.m.
 
 
 3
 Eamon's parents challenged his proposed placement at CSLC for two reasons. First, MCPS had recommended group/speech articulation therapy instead of the individual speech/articulation therapy Eamon had received at MPAC. Second, Eamon's parents felt that CSLC's later hours would interfere with Eamon's after-school interaction with non-handicapped children. After a hearing, the local hearing officer found, and the state hearing review board agreed, that "[t]he school hours (9:45 a.m. to 3:45 p.m.) [did] not render the educational program inappropriate for Eamon."[2]
 
 
 4
 On July 17, 1982, Eamon filed suit in district court alleging violations of his rights to due process and equal protection pursuant to the Fourteenth Amendment and 42 U.S.C. Sec. 1983; and violations of the EAHCA and the Rehabilitation Act. In August 1982, Eamon's parents and MCPS agreed on a placement for Eamon for the 1982-83 school year and each year thereafter, at a public school program with individual speech therapy and hours of 9:00 a.m. to 3:00 p.m. A month later, MCPS filed a motion to dismiss the complaint, or, in the alternative, for summary judgment arguing, inter alia, that the case was moot, as the 1981-82 school year had concluded and no relief could be afforded by the court. In October, 1986, prior to any ruling on their motion, MCPS filed a supplemental memorandum for dismissal contending, as a second ground for mootness, that Eamon had moved from Maryland to Illinois. On February 2, 1987, the district court dismissed the suit as moot due to Eamon's move out of the Montgomery County Public School System. For the reasons that follow, we affirm.
 
 II.
 
 5
 In this appeal, Eamon neither challenges the district court's dismissal on mootness grounds due to his move from Maryland to Illinois, nor contends that he is entitled to monetary relief under EAHCA.[3] Instead, appellant argues that he still has a viable claim for damages arising from the MCPS's violations of Section 504, 29 U.S.C. Sec. 794 of the Rehabilitation Act, as well as for violations of his equal protection and due process rights. We are unpersuaded by this submission.
 
 
 6
 In Smith v. Robinson, 104 S.Ct. 3457 (1984), the Supreme Court held that when a remedy which might be available under Sec. 504 "is provided with more clarity and precision under the [EAHCA], a plaintiff may not circumvent or enlarge on the remedies available under the [EAHCA] by resort to Sec. 504." Id. at 3473. Likewise, the Court noted "that where the [EAHCA] is available to a handicapped child asserting a right to a free appropriate public education, based either on the [EAHCA] or on the equal protection clause of the Fourteenth Amendment, the [EAHCA] is the exclusive avenue through which the child and his parents or guardian can pursue their claim." Id. at 3469. In this case we have little trouble concluding that Sec. 504 was not available to appellant as an alternative basis for the relief he sought, as the Sec. 504 and equal protection claims are virtually identical to his EAHCA claims.
 
 
 7
 Furthermore, we reject appellant's argument that he has preserved a live claim for monetary damages, under any theory, despite his move from Montgomery County. Throughout this litigation Eamon has demanded declaratory and injunctive relief only. Specifically, in his Request for Relief in the original complaint, Eamon sought, inter alia: (1) a declaration that MCPS was in violation of the respective constitutional and statutory provisions; (2) temporary and permanent injunctions; and (3) "... such other ... relief as this Court deems just and proper." Appellant now invites this Court to construe the phrase "such other relief" as a request for monetary damages. We decline this invitation. Instead, we conclude that the terms "such other relief" must reasonably be interpreted to mean "such other equitable relief." We hold, therefore, that since Eamon failed to request monetary damages in either his original complaint or in opposition to the motion to dismiss, he is foreclosed from raising the issue for the first time on appeal.
 
 
 8
 Accordingly, the district court's judgment dismissing Eamon's action as moot is affirmed.
 
 
 9
 AFFIRMED.
 
 
 10
 FRANK A. KAUFMAN, Senior District Judge, concurring specially:
 
 
 11
 In light of the entire record in this case, I agree that appellant may not raise the issue of monetary damages for the first time in this appeal. However, because the issue was not fully explored in the district court nor argued in depth to this court, I am unable to join the majority in concluding that appellant has no claim for damages under section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794.
 
 
 12
 In Smith v. Robinson, 104 S.Ct. 3457 (1984), relied upon by the majority, Justice Blackmun, writing for the Court, "emphasize[d] the narrowness of [its] holding," and wrote:
 
 
 13
 We do not address a situation where the EHA is not available or where Sec. 504 guarantees substantive rights greater than those available under the EHA. We hold only that where, as here, whatever remedy might be provided under Sec. 504 is provided with more clarity and precision under the EHA, a plaintiff may not circumvent or enlarge on the remedies available under the EHA by resort to Sec. 504.
 
 
 14
 104 S.Ct. at 3473.
 
 
 15
 In this case, without further clarification and development of the record, it is not possible, in my view, to be certain that section 504 does not provide substantive rights in addition to or greater than those provided by the EAHCA.
 
 
 
 [1]
 Shannon also alleged violations of various Maryland statutes prohibiting discrimination, but does not appeal the district court's dismissal of these pendent state claims
 
 
 [2]
 Under the status quo provisions of the EAHCA, Eamon was allowed to continue in the MPAC program with individual speech therapy and 9:00 a.m. to 3:00 p.m. hours for the 1981-82 school year
 
 
 [3]
 Courts generally argue that damages are available under Sec. 504, but are available under the EAHCA only in exceptional circumstances. See e.g., Miener v. Missouri, 673 F.2d 969, 978 (CA8), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.E.2d 1717 (1982); Anderson v. Thompson, 658 F.2d 1205 (CA7 1981); Monahan v. Nebraska, 491 F.Supp., at 1094; Hurry v. Jones, 560 F.Supp. 500 (RI 1983); Gregg B. v. Board of Education of Lawrence School District, 535 F.Supp. 1333, 1339-1340 (EDNY 1982)